IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| KIMBERLY A. MILLER, | ) |
|         Plaintiff | ) |
| vs. | ) Civil Action No. 22-356 |
| SHEPHERD COLOR CO., SHEPHERD HOLDING, CO., SHEPHERD MATERIAL SCIENCE CO., AND SHEPHERD CHEMICAL CO. | ) **JURY TRIAL DEMANDED** |
|         Defendants | ) |

## COMPLAINT

AND NOW COMES the plaintiff, Kimberly A. Miller, by her attorneys, Jubelirer, Pass & Intrieri, P.C., and Joseph S. Pass, Esquire, and files this Complaint alleging as follows:

### I.     Nature of Action

Plaintiff brings this Complaint against Defendants for committing violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA") 29 U.S.C.S. § 2601 *et seq.*, the Ohio Civil Rights Act, Ohio Rev. Code Ann. § 4112.01 *et seq.* and Wrongful Employment Discharge in Violation of State and Federal Public Policies.  Plaintiff alleges discrimination and/or retaliation against her due to her disability and/or perceived disabilities and for discrimination and/or retaliation against her for having requested and/or taken protected leave under the FMLA. Plaintiff has also joined related pendent state law claims.

## II. Parties

1.	The plaintiff, Kimberly A. Miller (hereinafter "Plaintiff" or "Miller"), is an adult citizen of the United States of America, and a resident of the State of Ohio. Miller's address is 4206 Ryan Court, Liberty Township, Ohio 45011. At all times material herein, Miller has resided at this address.

2.	Defendants, Shepherd Holding Co., Shepherd Material Science Co., Shepherd Color Co. and Shepherd Chemical Co., (hereinafter "Defendants" or "Shepherd") are headquartered in Cincinnati, Ohio at 4900 Beech Street, Norwood, Ohio 45212, with a facility located at 4539 Dues Drive, West Chester, Ohio 45246. At all times material herein, Defendants are an "Employer" as defined at 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 2611(4) and Ohio Rev. Code § 4112.01(A)(2) .

3.	Miller was employed by Defendants from 1996, until her termination on June 23, 2020. At all times material herein, Miller is an "Employee" as defined at 42 U.S.C.S. § 12111(4), 29 U.S.C. § 2611(2) and Ohio Rev. Code § 4112.01(A)(3) .

## III. Jurisdiction and Venue

4.	This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and  29 U.S.C. 2617 (a)(2), because this action arises under the laws of the United States and involves federal questions based on the ADA and the FMLA.  Miller also invokes this Court's supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. §1367.

5.	Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Plaintiff is a resident and citizen of Liberty Township, Ohio and Defendant

has its corporate headquarters and is doing business in this judicial district. Further, Plaintiff was discriminated and retaliated against, denied reasonable accommodations, and wrongfully terminated by Defendants in this judicial district.

6. On October 20, 2020, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Employment Commission ("EEOC"). The charge was assigned number 473-2021-00032. *See Exhibit 1*.

7. The charge was cross filed with Ohio Civil Rights Commission under its work-sharing agreement with the EEOC, alleging the same claims as a violation of Miller's state law rights as protected under Ohio Rev. Code Ann. § 4112.01 *et seq*.

8. Plaintiff was issued a Notice of Right to Sue on May 24 , 2022. ("Notice") *See Exhibit 2*. Plaintiff exhausted her administrative remedies and all jurisdictional and administrative prerequisites with respect to Plaintiff have been met.

9. This Complaint has been filed within ninety (90) days of the Plaintiffs receipt of the May 24 , 2022 Notice, and within the limitations period set forth at 29 U.S.C. 2617 (c), and therefore this action is timely.

### IV. Factual Allegations

10. Plaintiff incorporates paragraphs 1 through 9 above as though set forth fully herein.

11. Plaintiff began her employment with Defendants in 1996, as a receptionist. Two years later Shepherd promoted Miller to the payroll clerk position.

12. In or around 2002, while working for Defendants, Miller earned her human resources degree at the University of Cincinnati. Defendants then promoted Miller to human resource coordinator. Miller served in the upper echelon of the company's human resources division and worked in HR over the following 16 plus years.

13. During her 23 plus years of employment, Miller enjoyed a decorated career and was routinely issued commendations for her exceptional service.

14. In the summer of 2019, Miller's adolescent daughter began suffering from severe mental health issues, which, quite naturally, caused Miller to suffer from her own health conditions, including but not limited to depression and anxiety.

15. Throughout the latter part of the 2019 Miller received treatment from her primary care physician (hereinafter "PCP") and nurse practitioner. Miller was diagnosed with General Anxiety Disorder ("GAD") and Obstructive Sleep Apnea ("OSA"). Following her diagnoses, Miller's PCP recommended she undergo counseling, which she did.

16. In November 2019, Miller's daughter's mental health issues worsened and in December 2019, her daughter had ideation of suicide and therefore was placed at a mental health facility.

17. Miller continued treating with her PCP, nurse practitioner, licensed social worker, and new physician, Dr. Chadd Jeremy Todd.

18. Plaintiff's physician provided written confirmation of her disabilities; Miller was then referred to a specialist for further evaluation and treatment. Miller remained employed with Shephard.

19. Given Miller's health conditions and formal diagnoses, Miller applied for and was certified to take FMLA leave, effective December 12, 2019.

20. Under her December 2019 FMLA certification, Miller was granted job protected leave from Shepherd for 12 weeks.

21. During the same period Miller was granted FMLA leave, she applied for and was granted disability benefits provided through Defendants' sponsored disability insurance program. Miller was deemed disabled under Defendants' policy. Therefore, she received FMLA leave along

4

with company sponsored disability benefits from December 19, 2019, through at least March 12, 2020.

21. During the entire time Miller was off on approved FMLA leave and while receiving disability benefits, Shepherd required Miller to check in weekly to provide updates on the status of her condition. Miller complied with this requirement. Therefore, Shepherd was fully aware of her disabilities.

22. Prior to her leave expiring in the spring of 2020, Plaintiff routinely called Defendants and informed them that she was ready to return to work and was able to perform all of the essential functions of her position and could perform said functions following her requested accommodation of leave.

25. Once her FMLA leave expired on or about on March 12, 2020, Miller was otherwise qualified for her position and qualified to perform the job requirements and satisfied the skill, experience, education and other job- related requirements for her position.

26. By letter dated June 23, 2020, Defendants terminated Miller's employment.

27. In Defendants' June 23, 2020, written discharge letter to Miller, Defendants explained that its decision to terminate Miller was made in December 2019 and centered exclusively on the leave from work that Miller applied for and received leave under the FMLA and while being deemed disabled under the employer's disability policy.

28. Defendants' June 23, 2020, written discharge letter to Miller does not mention, cite to or rely upon any performance issues, past or present, real or perceived, as the basis or reasoning for the decision to terminate Miller's employment.

29. Rather, in Defendants' June 23, 2020, termination letter, Defendants acknowledged that though she was then on protected leave in December 2019, Defendants made the decision to terminate her in December 2019.

30. Defendants directly and by and through its agents, employees and representatives, directly and/or vicariously engaged in actions and inactions and a policy, pattern and practice, as is more fully set forth throughout this Complaint, in which Defendants willfully, intentionally, continually and unlawfully discriminated and retaliated against Plaintiff on the basis of disabilities and perceived disabilities and taking FMLA leave, as stated more fully above and below, and ratified said actions and inactions.

## V. Claims

### COUNT I
### (Americans with Disabilities Act Claim)

31. Plaintiff incorporates paragraphs 1 through 30 above as though set forth fully herein.

32. Plaintiff is a person entitled to protection pursuant to the provisions of the ADA.

33. Defendants were an "employer" of Plaintiff within the meaning of the ADA and employed more than fifteen (15) employees for each working day in each of twenty or more calendar weeks in the current and preceding year.

34. Plaintiff was granted FMLA leave and was disabled within the meaning of the ADA due to her General Anxiety Disorder ("GAD") and Obstructive Sleep Apnea ("OSA") diagnoses and other related conditions about which Defendants knew and/or had reason to know.

35. In addition, or, in the alternative, Defendants regarded Plaintiff as being disabled within the meaning of the ADA and having physical and/or mental impairments that substantially limited one or more major life activities and treated Plaintiff as if her impairments imposed greater limitations than they did. Plaintiff's impairments in this alternative allegation are substantially limiting only because of the attitudes of Defendants towards these impairments.

36. Plaintiff was otherwise qualified for her position and to perform the job requirements and satisfied the skill, experience, education and other job-related requirements for her position.

37. Plaintiff could perform the essential functions of her position prior to going out on leave and could perform said functions following her requested accommodation of leave.

38. At the time of Plaintiff's termination, she was physically and mentally able to perform her duties and could safely and substantially perform the essential functions of her job with or without reasonable accommodations and otherwise met the established requirements of her position and duties.

39. Plaintiff requested reasonable accommodation of leave, and Defendants decided to terminate Plaintiff while on leave and thereafter continually failed to accommodate or even attempt to accommodate Plaintiff's disabilities when such accommodations existed. Accordingly, Defendant violated the ADA, including, but not limited to, 42 U.S.C. §§ 12101, *et. seq.*, 12112 and 12112 (b) (5)(A)-(B).

40. Defendants directly and by and through its agents, employees and representatives, directly and/or vicariously engaged in actions and inactions and a policy, pattern and practice, in which Defendants willfully, intentionally, continually and unlawfully discriminated and retaliated against Plaintiff on the basis of disabilities and perceived disabilities and taking FMLA leave and ratified said actions and inactions. As a direct result of this violation, Miller has suffered, and continues to suffer, loss of wages and loss of other employment benefits.

41. The above perceived disabilities and disabilities were the reasons or motivating factors in Defendants' decision to fail to accommodate, retaliate against and terminate Plaintiff and subject her to the above adverse employment decisions, in willful and intentional violation of the ADA.

42. Other than being on job protected leave, Miller was provided no reason by Defendants for her termination. Any other reason(s) that may have been thereafter asserted by Defendants for Plaintiff's adverse employment treatment and termination and failing to accommodate Plaintiff were mere pretext.

43. Defendants discriminated against Plaintiff on the basis of her disabilities and/or perceived disabilities by, *inter alia*, failing to initiate an interactive process, failing to provide a reasonable accommodation and by terminating her employment. Defendants' conduct violated, *inter alia*, 42 U.S.C. § 12112 (a).

44. Defendants acted with malice and/or reckless malfeasance to Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

45. As a direct and proximate result of Defendants' willful, unlawful and discriminatory employment policies and practices as set forth above, Plaintiff was caused to and did suffer the damages more fully specified below but which include, *inter alia*, lost income and wages, including past and future salary increases, damages for lost pension, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, retirement benefits, insurance and other fringe benefits, liquidated damages, pre and post judgment interest, punitive damages, costs and reasonable attorneys' fees.

## COUNT II
**(FMLA Retaliation/Discrimination)**

46. Plaintiff incorporates herein by reference paragraphs 1 through 45 as if fully rewritten herein.

47. Defendants engage in commerce and in an industry and activities affecting commerce and employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current and preceding calendar years and was a covered

"employer" of Plaintiff under of the FMLA.

48. Plaintiff was a person entitled to protection and was eligible as an employee under the FMLA and had worked for Defendants, a covered employer under the FMLA, in excess of twelve (12) months; had worked at least 1,250 hours over the twelve (12) month period of time next preceding her FMLA leave; and worked at a location where at least fifty (50) employees were employed by the employer within seventy-five (75) miles of the worksite where Plaintiff was employed.

49. Pursuant to Section 104 of the FMLA, 29 U.S.C. § 2614(a)(1), Plaintiff was guaranteed the opportunity to return to her prior position, or an equivalent position, after expiration of leave granted.

50. As more fully specified above, Plaintiff was eligible and entitled to take and did take FMLA leave while employed by Defendants due to serious health conditions, including conditions that rendered her incapable of and unable to fulfill her job responsibilities or performing the functions and duties of her position and jobs. Plaintiff thereafter was physically, mentally and otherwise able and qualified to perform the essential functions of her position and job or equivalent position and job with and then without reasonable accommodations.

51. Defendants failure to allow Plaintiff a reasonable accommodation, including a reasonable accommodation of leave and termination of Plaintiff and other adverse employment actions as more fully set forth throughout this Complaint against Plaintiff were in retaliation and intentional discrimination against Plaintiff for exercising her rights to, using and taking of medical, disability and FMLA leave and rights and were in willful violation of the FMLA, including, *inter alia*, 29 U.S.C. § 2601, *et seq.*, 29 U.S.C. § 2611 *et seq.* and 29 U.S.C. § 2615 (a)(2) and § 2615 (a)(1). Defendants also did not restore Plaintiff to an equivalent regular position upon her return

from leave, in violation of the FMLA.

52. Plaintiff's FMLA leave and FMLA protected conduct was the motivating factor in the foregoing adverse employment decisions of Defendants and Defendants' actions were motivated by impermissible retaliatory and discriminatory animus.

53. Taking and applying for FMLA leave is a protected activity under the FMLA and Defendants knew of Plaintiff's proper participation, activity and exercising of protected rights therein and engaging in FMLA-protected activities. Plaintiff provided Defendants proper and reasonable notice of her need to take leave and the reasons for doing so, medical documentation, certification and qualifying reasons for requesting the leave. Plaintiff had FMLA qualifying illnesses and used FMLA leave–a right protected under the FMLA.

54. Defendants acknowledged in their June 23, 2020, termination letter that they made the decision to terminate Plaintiff while she was on job protected leave in December 2019.

55. Plaintiff, who was qualified for the position she had been performing with reasonable accommodation, was thereafter subject by Defendants to adverse employment actions, including those adverse employment actions stated above and below, including termination and failing to accommodate.

56. Plaintiff was subject to adverse employment actions by Defendants and a causal link and connection exists, including but not limited to the proximity in time between the FMLA leave and adverse treatment and Plaintiff's termination, between the protected activity and activities and her exercise of rights afforded by the FMLA, including leave, and the adverse employment actions. Indeed, the decision to terminate Plaintiff, which Defendants acknowledged was made **WHILE** Plaintiff had applied for and was taking approved FMLA leave.

57. The Defendants' admission that the decision to terminate was made while Plaintiff

was on approved FMLA leave demonstrates Defendants' retaliatory motivation.

58. At the time Defendants terminated Plaintiff, Defendants were aware of the FMLA laws. Defendants acted willfully and with reckless disregard of the law in terminating Plaintiff and taking the other adverse employment actions against Plaintiff in retaliation for filing for and taking FMLA leave.

59. Defendants willfully violated the FMLA and knew and showed knowing and reckless disregard of the FMLA and regarding whether its conduct was prohibited.

60. Defendants did not have any legitimate, non-discriminatory reasons or just cause for the foregoing adverse employment actions and any post discharge alleged reasons that are or may be advanced by Defendants are mere pretext for discrimination. Defendants did not act in good faith or in an objectively reasonable manner and Defendants did not have reasonable grounds for believing that the acts and omissions which violated, *inter alia*, Section 2615 was not a violation of Section 2615.

61. Plaintiff was and is a member of a protected class, including those employees who exercised or attempted to exercise FMLA rights; she was performing her job satisfactorily; was subject to adverse employment actions and conditions, i.e., termination, denial of reasonable accommodations and the other actions and conditions described herein; and was either replaced by a person outside the protected class following her termination and/or was treated less favorably than similarly situated employees, including those who did not exercise or attempt to exercise their FMLA rights for serious health conditions.

62. Defendants engaged in a pattern and practice of FMLA discrimination and retaliation.

63. Defendants acted with malice and/or reckless malfeasance to Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

11

64. As a direct and proximate result of her wrongful termination and other adverse employment actions, Plaintiff has suffered the loss of her employment and the damages more fully specified below, but which include, *inter alia*, lost income and wages, including past and future salary increases, damages for lost pension, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, retirement benefits, insurance and other fringe benefits, liquidated damages, pre and post judgment interest, punitive damages, costs and reasonable attorneys' fees.

## COUNT III
### Ohio Civil Rights Act Claim
**(Discrimination in Violation of Ohio Rev. Code § 4112.01 *et seq*. and 4112.99)**

65. Plaintiff incorporates paragraphs 1 through 64 above as though set forth fully herein.

66. Plaintiff was disabled and/or perceived or regarded by Defendant to be disabled within the meaning of Ohio Rev. Code § 4112, including § 4112.01(A)(13).

67. Defendants failed to provide Plaintiff with reasonable accommodations, terminated Plaintiff and engaged in other adverse employment actions against and discriminated against Plaintiff due and because, at least in part, to Plaintiff's handicaps and Defendants' perceived handicaps of Plaintiff.

68. Defendants discriminated against Plaintiff on the basis of her disabilities and/or perceived disabilities by, *inter alia*, failing to initiate an interactive process, failing to provide a reasonable accommodation, and deciding to terminate Plaintiff. Defendants' conduct violated, *inter alia*, Ohio Rev. Code § 4112.02 (A), for which Defendants are liable for compensatory and punitive damages pursuant to Ohio Rev. Code § 4112.99.

69. At the time of Plaintiff's termination, she was physically and mentally able to perform her duties and could safely and substantially perform the essential functions of her job

with or without reasonable accommodations and otherwise met the established requirements of her position and duties.

70. Defendants' intentional, willful, and wanton termination of Plaintiff was discriminatory and violates Ohio Rev. Code §4112.01, *et seq*., including, but not limited to, §§ 4112.02 (A) and 4112.99.

71. Defendants acted with malice and ill will towards Plaintiff without regard for her legal rights in terminating her, failing to accommodate Plaintiff and otherwise discriminating against her because of handicaps and perceived handicaps.

72. Defendants acted with malice and/or reckless malfeasance to Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

73. As a direct and proximate result of Defendant's willful, unlawful and discriminatory employment policies and practices as set forth above, Plaintiff was caused to and did suffer the damages more fully specified below but which include, *inter alia*, lost income and wages, including past and future salary increases, damages for lost pension, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, retirement benefits, insurance and other fringe benefits, liquidated damages, pre and post judgment interest, punitive damages, costs and reasonable attorneys' fees.

**COUNT IV**
**(Wrongful Employment Discharge in Violation of State and Federal Public Policies)**

74. Plaintiff incorporates paragraphs 1 through 73 above as though set forth fully herein.

75. Defendants' discharge of Plaintiff because of her disabilities and handicaps and perceived disabilities and handicaps violated the state and federal public policies against wrongful

discharge and disability discrimination and retaliation.

76. Clear public policies prohibiting Defendants' practices existed and were manifested in the above and other federal and state statutes and administrative regulations and common law, including clear public policies to stop unlawful discrimination, retaliation and disability and handicap discrimination in the workplace as more fully described above.

77. Plaintiff was terminated from her job and suffered adverse employment actions for reasons expressly prohibited by the above Ohio and federal statutes, regulations, and common law.

78. Plaintiff's termination and adverse employment actions were motivated by conduct related to the public policies at issue, including disability discrimination and retaliation, and are in direct violation of and contravention to all of the foregoing and other Ohio and federal statutory policies, including, but not limited to, the ADA and Ohio handicap and disability statutes and administrative regulations, and common law and policies regarding the foregoing disability discrimination and retaliation and the clear mandates of the public policies expressed in the foregoing and other statutes, regulations and common law and have directly and proximately caused Plaintiff damages. Said conduct prohibited by the aforementioned public policies–i.e. disability and handicap discrimination and retaliation-- was the and/or a determining factor in the discharge and aforementioned adverse actions and conditions and Defendants acted with malice, ill will and conscious disregard of Plaintiff's rights that had a great probability of causing and did cause Plaintiff substantial harm.

79. Defendants lacked overriding legitimate business justifications or just cause for Plaintiff's dismissal and adverse employment actions.

80. Defendants engaged in a pattern and practice of unlawful discrimination and retaliation.

81. For each of Defendants' actions and inactions as set forth in this Complaint and

14

Count, Defendants engaged in the discriminatory and retaliatory practice with malice, ill will and a willful and conscious disregard of Plaintiff's rights that had a great probability of causing and did cause Plaintiff substantial harm and a conscious or reckless indifference or disregard to Plaintiff's federally protected rights to work without unlawful discrimination or retaliation.

82. Defendants acted with malice and/or reckless malfeasance to Plaintiff's protected rights and for such willful conduct, Defendants are liable for punitive damages.

83. As a direct and proximate result of Defendants' willful, unlawful and discriminatory employment policies and practices as set forth above, Plaintiff was caused to and did suffer the damages more fully specified below but which include, *inter alia*, lost income and wages, including past and future salary increases, damages for lost pension, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, retirement benefits, insurance and other fringe benefits, liquidated damages, pre and post judgment interest, punitive damages, costs and reasonable attorneys' fees.

## VI. Demand for Judgment

**WHEREFORE**, Plaintiff prays and demands judgment in an amount to be proven at trial, but in excess of any and all jurisdictional minimums, as follows against Defendants for each of the above Four Counts:

    (a)    That this Court award Plaintiff such equitable relief as is proper and an amount to be determined at trial and for a judgment as compensation for the loss of her opportunity and chance to engage in gainful employment, including relief in the form of front pay and future wages, retirement and other benefits and damages, including "black mark" damages;

    (b)    That this Court award Plaintiff an amount to be determined at trial as

compensation for her loss of earnings, adverse health effects, loss of opportunity to engage in gainful employment and future earnings and for humiliation, embarrassment, loss of reputation and loss of self-esteem;

(c) That this Court award Plaintiff an amount to be determined at trial as compensation for lost pension, stock, stock options, bonuses, raises, retirement benefits, insurance, other fringe benefits, retirement benefits available to Plaintiff if she was not terminated and was able to work up to the date Plaintiff was eligible for full retirement benefits and anything else she would have earned;

(d) That this Court issue a mandatory injunction and order directing Defendants to reinstate Plaintiff to her former positions or position comparable thereto and employment on the same terms and conditions as all other similarly situated employees, including any and all necessary and reasonable accommodations, and in the same position she would have occupied but for Defendants' discriminatory treatment and retaliation and making her whole for all earnings she would have received but for Defendants' discriminatory treatment and discrimination, including, but not limited to, providing full seniority, wages and back pay plus interest thereon, and pension rights, health insurance and other lost benefits;

(e) That this Court issue an injunction directing restoration of Plaintiff's pension, insurance and other fringe benefits;

(f) That this Court award Plaintiff back wages and pay, including fringe benefits, from the date of the discriminatory acts and retaliation alleged through the date of reinstatement or trial or judgment with interest in an

16

amount to be determined at trial;

(g) That this Court award Plaintiff an amount to be determined at trial for Plaintiff's emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and medical expenses incurred as a result of psychological or physical harm;

(h) That this Court award Plaintiff liquidated and statutory damages in an amount to be determined at trial, including, but not limited to, double damages;

(i) That this Court award Plaintiff punitive damages in an amount to be determined at trial;

(j) That this Court award Plaintiff prejudgment and post judgment interest in an amount and at a rate to be determined at the time of trial;

(k) That this Court award Plaintiff reasonable and all attorneys' fees, expert witness fees and the costs of this action;

(l) That this Court grant Plaintiff consequential damages and other available compensatory damages not specified herein; and

(m) That this Court grant Plaintiff such other and further legal and equitable relief as may be just and proper.

Respectfully submitted,
JUBELIRER, PASS & INTRIERI, P.C.

/s/ *Joseph S. Pass*
Joseph S. Pass, Esquire (0093158)
219 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15222
412-281-3850
412-281-1985 (fax)
jsp@jpilaw.com
Attorney for Plaintiff

## **JURY DEMAND**

A trial by jury is hereby demanded of the maximum number allowed by law on all issues triable by a jury.

/s/ **_Joseph S. Pass_**
    Joseph S. Pass, Esquire (0093158)
    Attorney for Plaintiff